UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIEL HARVEY, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 2:12-CV-322 WL |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

OPINION AND ORDER

Daniel Harvey, a *pro se* prisoner, filed a petition pursuant to 28 U.S.C. § 2254 challenging his 2007 child molestation convictions in Lake County. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

The Indiana Court of Appeals set forth the following facts pertaining to Harvey's convictions, which are presumed correct under 28 U.S.C. § 2254(e)(1):

> In 2004, Harvey, the live-in boyfriend of six-year-old T.W.'s mother, occasionally babysat for T.W. and her siblings while her mother was away. T.W. reported that, during those times, Harvey sometimes put her on his lap, moved back and forth, and touched her private part while he played with his private part. T.W. went to the hospital, and Child Protective Services ("CPS") investigated, and told T.W.'s mother to keep T.W. away from Harvey.
>
> In 2005, T.W. reported that while she, her family, and Harvey lived in a hotel in Merrillville, Indiana, Harvey again touched her private part and, on this occasion, put white stuff from his private part on her stomach. T.W. also reported that Harvey penetrated her with his finger and his private part.
>
> Harvey was charged with two counts of child molesting. Trial was held, and the jury returned a guilty verdict on both counts. The trial court sentenced Harvey to thirty years on the Class A felony, but suspended ten years and ordered that sentence be served concurrently to four years for the Class C felony.

*Harvey v. State*, No. 45A03-0706-CR-270, slip op. at *1 (Ind. Ct. App. Apr. 16. 2008) (internal citations omitted).

Harvey filed a direct appeal, raising the following claims: (1) there was insufficient evidence to support his class A felony conviction; (2) the trial court committed fundamental error in allowing testimony from the CPS investigator about a prior accusation of child abuse; and (3) the trial court abused its discretion in imposing a sentence. *Id.* at *1-3. On April 16, 2008, the Indiana Court of Appeals affirmed Harvey's convictions. *Id.* He did not seek transfer to the Indiana Supreme Court, nor did he seek review in the U.S. Supreme Court. (DE 1 at 1.)

On March 3, 2010, Harvey filed a petition for post-conviction relief claiming ineffective assistance of counsel on various grounds. (*Id.* at 1, 4-5.) Following an evidentiary hearing, the trial court denied the petition. *Harvey v. State*, No. 45A03-1104-PC-150, slip op. at *1 (Ind. Ct. App. Oct. 26, 2011). On appeal, Harvey raised the following arguments: (1) his trial counsel was ineffective in eliciting testimony from the CPS investigator which supported the state's case; (2) his trial counsel was ineffective in failing to object to certain testimony from T.W.'s foster mother; and (3) his trial counsel was ineffective in failing to object to testimony from the CPS investigator which improperly vouched for the accuracy of T.W.'s account. *Id.* at *1-5. The Indiana Court of Appeals affirmed the denial of post-conviction relief. *Id.* On December 20, 2011, the Indiana Supreme Court denied Harvey's petition to transfer. (DE 1 at 2.) He did not seek review in the U.S. Supreme Court. (*Id.*)

On August 8, 2012, Harvey tendered his federal petition to prison officials for mailing. (DE 1 at 6.) In it he raises the following claims: (1) there was insufficient evidence to support his class A felony conviction; (2) the trial court denied him due process when it allowed testimony from the CPS investigator about a prior accusation of child abuse; (3) the trial court violated his Eighth Amendment rights in imposing a sentence; (4) his trial counsel was ineffective in eliciting hearsay testimony from a state witness; and (5) his trial counsel was ineffective in failing to object to hearsay testimony from the CPS investigator. (DE 1 at 3-5.)

Harvey's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under 28 U.S.C. § 2244(d), habeas petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of——
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Upon review, none of Harvey's claims implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him

from filing his federal petition on time. (*See* DE 1 at 6.) Therefore, 28 U.S.C. § 2244(d)(1)(A) applies. Under that provision, Harvey had one year from the date his convictions became final to pursue federal habeas relief. As stated above, Harvey's convictions were affirmed by the Indiana Court of Appeals on April 16, 2008, and he did not seek review in the Indiana Supreme Court. Therefore, his convictions became final when the time for seeking review in the Indiana Supreme Court expired. *See* IND. APP. R. 57(C)(1) (petition to transfer must be filed within 30 days of appellate court judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (U.S. 2012) (when a state prisoner does not seek direct review in the state court of last resort, his conviction becomes final when the time for seeking such review expires). This made his federal petition due in May 2009, absent any period of tolling. Harvey did not file a petition before that deadline, and instead he waited until August 2012 to seek federal habeas relief.

A properly filed application for state post-conviction relief will toll the limitations period under 28 U.S.C § 2244(d)(2). However, the post-conviction petition Harvey filed in March 2010 did not toll the limitations period, because the federal deadline had already expired when he filed it. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for statute of limitations purposes). The state court's subsequent denial of post-conviction relief did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *DeJesus*, 567 F.3d at 942-43.

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Harvey states as follows: "I filed motions accordingly to procedure. I didn't miss any date or length of time that my motions were due. I didn't miss any date or time limit in which I

4

filed said petitions. I filed my direct appeal, first post-conviction relief petition, also my petition to transfer." (DE 1 at 6.) Harvey fails to acknowledge that he did not seek federal habeas relief within one year of the date his convictions became final. He also does not provide any grounds for excusing the untimeliness of the petition. Accordingly, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

When the court has dismissed the petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if it will resolve the issue. *Id.* at 485. For the reasons fully explained above, Harvey's petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Harvey to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For the reasons set forth above, the petition (DE 1) is DISMISSED WITH PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is DENIED a certificate of appealability.

SO ORDERED.

ENTERED: August 16, 2012

                                                  s/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court